UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARLON LORENZO BROWN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL FLYMAN, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:24-CV-00184-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Marlon Lorenzo Brown's ("Brown") application to proceed *in forma pauperis* (ECF No. 1), notice and petition for removal, (ECF No. 1-1 at 1-5), and *pro se* complaint based on state law claims (ECF No. 1-1 at 7-17). For the reasons stated below, the Court recommends that the *in forma pauperis* application, (ECF No. 1), be granted, and the petition for removal, (ECF No. 1-1), be dismissed, with prejudice.

I.    *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed [IFP]. The application must be made on the

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Brown is unable to pay the filing fee. Accordingly, the Court recommends that the IFP application, (ECF No. 1), be granted.

## II.  SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify

that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III.  DISCUSSION

Brown filed a notice and petition for removal of a case he filed in state court to federal court. (*See* ECF No. 1-1.) As a threshold matter, the Court recommends that Brown's petition for removal be denied. First, an action in state court may be removed to federal court by the *defendant*, not the plaintiff. 28 U.S.C. §§ 1441(a), 1446(a). As Brown is the plaintiff, he is not entitled to remove the action. Next, "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." § 1446(b)(1). The notice and petition for removal was filed on April 24, 2024, whereas the state case was initiated on March 12, 2019. (ECF No. 1-1.) The period for removal expired long before Brown attempted to remove the case and thus the notice and petition for removal should also be denied as untimely.

The Court also recommends the petition for removal be denied for lack of jurisdiction. Congress granted federal courts jurisdiction over two general types of cases:

3

(1) cases that arise under federal law, and (2) cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties. 28 U.S.C. §§ 1331, 1332(a). Brown argues there is basis for removal under because the state case involves civil rights violations and therefore arises under federal law. (ECF No. 1-1 at 4; ECF No. 1-2.) However, a review of the complaint and related filings in the state court case reveals only claims based on state law. (*See* ECF No. 1-1 at 7-52.) Therefore, the Court will only have jurisdiction over the case if the requirements for diversity jurisdiction are satisfied. For diversity jurisdiction to apply, the amount in controversy must exceed $75,000 and the action must be between citizens of different states of the United States or between citizens of states of the United States and citizens or subjects of foreign nations. 28 U.S.C. § 1332. Here, the amount in controversy requirement of $75,000 does not appear to be met as the proposed complaint seeks damages "in excess of $15,000 for all causes of action." (ECF No. 1-1 at 17 (emphasis added).) Thus, it is clear on the face of the complaint that the amount in controversy requirement is not met and the Court recommends the petition for removal be denied for lack of jurisdiction.

Moreover, even if the petition for removal did not fail, the Court recommends the complaint be dismissed with prejudice as it would be duplicative and amendment would be futile. In Brown's own words, "[t]he complaint is related to a pending lawsuit in Federal Court, case # 2:17-cv-02396-APG-[BWN], *Brown v. Tromba.* These two lawsuits involve the same facts and should be heard in the same forum." (ECF No. 1-1 at 4.) Courts are not required to entertain duplicative or redundant lawsuits and may dismiss them as frivolous or malicious under § 1915(e). *See Cato*, 70 F.3d at 1105 n.2 (noting that courts may dismiss under § 1915 a complaint that merely repeats pending or previously litigated claims). Accordingly, regardless of the success of the notice and petition for removal, the Court recommends Brown's complaint be dismissed with prejudice, as amendment would be futile.

///

///

4

## IV. CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Brown's IFP application, (ECF No. 1), be granted, his complaint, (ECF No. 1-1), be dismissed, with prejudice, as amendment would be futile, and his motion for leave to file complaint, (ECF No. 1-1), be denied as moot.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Brown's application to proceed *in forma pauperis*, (ECF No. 1), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Brown not be required to pay an initial installment fee. Nevertheless, the full filing fee should still be due, even if this action is dismissed or is otherwise unsuccessful, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein should be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefore. The order granting IFP status should not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER RECOMMENDED** that the Nevada Department of Corrections pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **MARLON LORENZO BROWN, #1209358** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid

for this action.

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1 at 7-17).

**IT IS FURTHER RECOMMENDED** that the complaint, (ECF No. 1-1 at 7-17), be **DISMISSED, WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the petition for removal, (ECF No. 1-1 at 1-5), be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED** and that judgment be entered accordingly.

**DATED**: _____May 1, 2024_____.

_____
**UNITED STATES MAGISTRATE JUDGE**