UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARLON LORENZO BROWN, | Case No. 3:24-cv-00184-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| MICHAEL FLYMAN, *et al.*, | |
| Defendants. | |

## I. SUMMARY

*Pro se* Plaintiff Marlon Lorenzo Brown, who is an inmate in the custody of the Nevada Department of Corrections, filed a petition for removal of his state court action to this Court. (ECF No. 1-1.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 6), recommending the Court grant Plaintiff's application to proceed *in forma pauperis* ("IFP") (ECF No. 1), deny the petition for removal (ECF No. 1-1 at 1-5), and dismiss the complaint (*id.* at 7-17). Plaintiff filed an objection to the R&R (ECF No. 8), as well as a motion for leave to amend the complaint (ECF No. 7). Because the Court agrees with Judge Baldwin's analysis and separately finds that the Court lacks subject matter jurisdiction over this action under the *Rooker-Feldman* doctrine, the Court will adopt the R&R, grant the IFP application, deny the petition for removal, dismiss the complaint, and deny the motion for leave to amend as moot.

## II. DISCUSSION

"[D]e novo review of the magistrate judges' findings and recommendations is required if, but *only if*, one or both parties file objections to the findings and recommendations." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003). Because Plaintiff does not object to Judge Baldwin's recommendation to grant the IFP

application, the Court finds that Judge Baldwin did not clearly err and adopts that recommendation. Because Plaintiff objects to Judge Baldwin's recommendation to deny the petition for removal, the Court conducts a de novo review of that analysis.

Judge Baldwin recommends denying the petition for removal because an action in state court may be removed to federal court by a defendant, but not a plaintiff, like Brown here. (ECF No. 6 at 3.) The Court agrees and will adopt the recommendation, as 28 U.S.C. § 1441(a) plainly states that a state court action "may be removed by the defendant or the defendants," and 28 U.S.C. §1446(a) refers to "[a] defendant or defendants desiring to remove" a state court action. In his Objection, Plaintiff argues that the R&R does not address Plaintiff's reason for seeking removal—that the state court erroneously refused to award him damages for his loss of liberty because of the judge's bias, that the Nevada Supreme Court rejected Plaintiff's argument of bias and affirmed the state court ruling, and that Plaintiff now seeks federal intervention for the state court judge's decision and conduct. (ECF No. 8 at 2-3.) The Court rejects Plaintiff's argument because his reason for removal does not change the fact that removal is only proper by a defendant. Moreover, Plaintiff's stated reason for removal makes clear that the Court lacks subject matter jurisdiction over this action under the *Rooker-Feldman* doctrine. *See Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (finding a court may dismiss claims *sua sponte* for lack of subject matter jurisdiction without violating due process).

The *Rooker-Feldman* doctrine states that federal district courts may not exercise subject matter jurisdiction over a de facto appeal from a state court judgment.[1] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 414-17 (1923); *D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983). The doctrine applies when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from the state court judgment based on that decision." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

---

[1]State court litigants may only achieve federal review of state court judgments by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983).

As part of a refusal to hear a forbidden de facto appeal, a federal district court "must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005) (quoting *Noel*, 341 F.3d at 1158). To determine if an action operates as a de facto appeal, the court "pay[s] close attention to the relief sought by the federal-court plaintiff." *Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 990 (9th Cir. 2003)). Where the form of relief would constitute a reversal or "undoing of the prior state-court judgment," *Rooker-Feldman* dictates that the lower federal courts lack jurisdiction. *Bianchi*, 334 F.3d at 900 (internal quotations and citations omitted).

Here, Plaintiff asks the Court to address arguments that were already presented to and rejected by the Eighth Judicial District Court of Nevada and the Nevada Supreme Court and to essentially reverse their rulings on Plaintiff's damages. (ECF No. 8 at 2-3.) This requested relief constitutes a forbidden de facto appeal of multiple state court orders. *See Noel*, 341 F.3d at 1163 ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."). To provide Plaintiff with the relief he seeks would require this Court to analyze the state courts' alleged legal errors and undo the original order and the appeal, which is squarely barred by *Rooker-Feldman*. Moreover, to the extent Plaintiff seeks other related relief, the Court may not review any issues "inextricably intertwined" with issues addressed by the state court. *See Doe*, 415 F.3d at 1042-43. Accordingly, the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction over Plaintiff's claims, so the Court will deny the petition for removal, dismiss the complaint, and deny as moot the motion for leave to amend the complaint.[2]

---

[2]Aside from its mootness, in any event, Plaintiff's proposed amended complaint would likely fail for other reasons, such as being barred by the *Rooker-Feldman* doctrine for similar reasons as discussed above.

### III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 6) is adopted.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further ordered that Plaintiff is not required to pay an initial installment fee. Nevertheless, the full filing fee is still due, even if this action is dismissed or is otherwise unsuccessful, under U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefore. The order granting IFP status does not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that the Nevada Department of Corrections pay to the Clerk of Court 20% of the preceding month's deposits to the account of Marlon Lorenzo Brown, #1209358 (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.

The Clerk of Court is directed to file Plaintiff's complaint (ECF No. 1-1 at 7-17).

It is further ordered that Plaintiff's complaint (ECF No. 1-1 at 7-17) is dismissed.

It is further ordered that Plaintiff's petition for removal (ECF No. 1-1 at 1-5) is denied.

It is further ordered that Plaintiff's motion for leave to amend the complaint (ECF No. 7) is denied as moot.

The Clerk of Court is further directed to close this case.

///

DATED THIS 30th Day of May 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE